BEJANDIO, (UNITED STATES v.) See Case No. 14,561.

## Case No. 1,237.

### In re BELCHER.

[2 Ben. 468; 1 N. B. R. 666, (Quarto, 202.)] [1]

District Court, S. D. New York. June 22, 1868.

BANKRUPTCY—ORIGINAL JURISDICTION—PLACE OF FILING PETITION.

Where a merchant, who has resided in New York city for more than twenty years, failed in business, sold his residence in that city, and removed his family to New Jersey, and they thereafter resided there upon some property belonging to his wife, while he engaged as a clerk with his successors in business, and continued so till the filing of his petition in bankruptcy, two years after: *Held*, that his petition was properly filed in the southern district of New York.

[See In re Little, Case No. 8,391; In re Watson, Id. 17,272.]

In bankruptcy.

[Platt, Gerrard & Buckley, for bankrupt. William K. Belcher filed his petition and schedules in bankruptcy, on the 19th day of February, 1868, and was duly adjudged a bankrupt. His petition set forth that he had done business and had a place of business in the southern district of New York, for more than six months next immediately preceding the filing of the petition, but set forth no place of residence. The petitioner had carried on business and resided in the city of New York for more than twenty years prior to June, 1866. In the month of June in that year, he failed in business, and made a general assignment for the benefit of his creditors. He sold out his residence in the city of New York, and retired with his family to New Jersey, where they now reside upon some property which belonged to the separate estate of his wife. Immediately after his assignment he engaged as a clerk, upon a yearly stated salary, with his successors in business, and has ever since continued with them as such clerk upon such salary. All the partners of petitioner, except one, were, and now are, residents of the city of New York, and have obtained a discharge in bankruptcy in the southern district. The petitioner's creditors are 212 in number, of whom 170 are merchants carrying on business in the city of New York. Under these circumstances, it is submitted that the petition is properly filed in the southern district of New York.] [2]

[By I. T. Williams, Register: Entertaining no doubt that the petition is well filed in this district, I am reluctant to submit the question to the court, as it seems to me that any decision of it would be extrajudicial. But as my Brother Ketchum has submitted a similar point (perhaps it arose in a different manner), I do not feel at liberty to decline to do so, as the party is urgent to have it done. I feel wholly incapable of adding anything to what must have already been urged or suggested itself to the court upon the subject in the former cases that have been submitted.] [3]

[BLATCHFORD, District Judge. The petition was properly filed in this court. The clerk will certify this decision to the register, Isaiah T. Williams, Esq.] [3]

BELCHER SILVER MIN. CO., (KIELLEY v.) See Cases Nos. 7,760, 7,761.

BELCHER SILVER MIN. CO., (KNARESBOROUGH v.) See Case No. 7,874.

## Case No. 1,238.

### In re BELDEN et al.

[4 Ben. 225.] [1]

District Court, S. D. New York. June Term, 1870.

EXTENDING TIME TO OPPOSE DISCHARGE — EXAMINATION OF BANKRUPT—STANDING IN COURT.

Creditors of a bankrupt, against whose claim a protest had been filed by the bankrupt, applied to the register, on a petition making allegations of fraud in the bankrupt's proceedings, for an order directing the examination of the bankrupt, and of witnesses, and extending the time to show cause against the discharge till after such examination. The register declined to grant the order, because the creditors had no standing in court: *Held*, that the register, under section 26, [14 Stat. 529,] should have made the order prayed for, and that the time to show cause against the examination ought to be extended till the examination was concluded.

[Cited in Re Jacobs, Case No. 7,160. See, also, In re Ray, Case No. 11,589; In re Thompson, Id. 13,935.]

In bankruptcy. A petition was presented to the register, in this case, by Harris C. Fahnestock, a member of the firm of Jay Cooke & Co., creditors of [William Belden and George W. Hooker,] bankrupts, setting forth that the bankrupts, by collusion with some of their creditors, and by wrongfully protesting against the claims of others, including that of the petitioner's firm, had procured the election of an assignee who, also, was in collusion with them; that the schedules attached to the petition were false; that fraudulent preferences had been made by the bankrupts; and that the proceedings throughout had been fraudulently conducted, with intent to prevent honest creditors from investigating the affairs of the bankrupts, and preparing to oppose their discharge. The petition prayed for an order of examination of the bankrupts, the assignee, certain of the creditors, and some other persons, as witnesses, and, also, for an order extending the

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. The opinion and statement are reprinted from 1 N. B. R. 666, (Quarto, 202,) by permission; the report in 2 Ben. 468, being more condensed in form.]
[2] [From 1 N. B. R. 666, (Quarto, 202.)]

[3] [From 1 N. B. R. 666, (Quarto, 202.)]
[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]